720 F.2d 1355
 232 U.S.App.D.C. 128
 George CROCKETT, Jr., individually in his capacity as a
member of the United States House of
Representatives, et al., Appellants,
v.
Ronald Wilson REAGAN, individually and in his capacity as
President of the United States, et al.
 No. 82-2461.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Oct. 18, 1983.
Decided Nov. 18, 1983.
As Amended Nov. 18, 1983.
 
 Appeal from the United States District Court for the District of Columbia (Civil Action No. 81-1034).
 Peter Weiss, New York City, a member of the Bar, Second Dept. Appellate Div. of N.Y., pro hac vice by special leave of Court with whom Ira Lowe and Reverend Robert F. Drinan, S.J., Washington, D.C., were on brief, for appellants. Frank E. Deale, New York City, also entered an appearance for appellants.
 Vincent M. Garvey, Atty., Dept. of Justice, with whom J. Paul McGrath, Asst. Atty. Gen., Stanley S. Harris, U.S. Atty. and Brook Hedge, Atty., Dept. of Justice, Washington, D.C., were on brief, for appellees. Neil H. Koslowe, Washington, D.C., Atty. for Dept. of Justice also entered an appearance for appellees.
 
 
 1
 Steven M. Schneebaum and Keith R. Fisher, Washington, D.C., were on the brief for Intern. Human Rights Law Group, amicus curiae, urging reversal.
 
 
 2
 Sara E. Lister and Sarah E. Burns, Washington, D.C., were on brief, for Nat. Council of Churches of Christ in the United States of America, et al., amici curiae, urging reversal.
 
 
 3
 Alan Dranitzke, Washington, D.C., was on brief, for Catholic Peace Fellowship, et al., amici curiae, urging reversal.
 
 
 4
 Jose Acosta, El Paso, Tex., was on brief, for Border Ass'n for Refugees from Central America, amicus curiae, urging reversal.
 
 
 5
 Daniel J. Popeo, Paul D. Kamenar and Nicholas E. Calio, Washington, D.C., were on brief, for Senators Jepsen, et al., amici curiae, urging affirmance.
 
 
 6
 Before EDWARDS and BORK, Circuit Judges, and LUMBARD,* Senior Circuit Judge, United States Court of Appeals for the Second Circuit.
 
 PER CURIAM:
 
 7
 This is an appeal from the dismissal of a suit brought by 29 Members of Congress against President Reagan and other United States officials, challenging the legality of the United States' presence in, and military assistance to, El Salvador. The principal contention of the plaintiffs-appellants is that United States military officials have been introduced into situations in El Salvador where imminent involvement in hostilities is clearly indicated by the circumstances and, consequently, the President's failure to report to Congress is a violation of both the War Powers Resolution ("WPR")[1] and the war powers clause in the Constitution.[2] The appellants also alleged that violations of human rights by the Government of El Salvador are pervasive and that, in the absence of a certification of "exceptional circumstances" by the President, United States military assistance to El Salvador violates the Foreign Assistance Act of 1961 ("FAA").[3] In pursuing their claims, plaintiffs-appellants have sought, inter alia, an injunction directing that the appellees immediately withdraw all United States Armed Forces, weapons, military equipment and aid from El Salvador and prohibiting any further aid of any nature.
 
 
 8
 The District Court dismissed all of plaintiffs' claims without resolution of the merits of their suit. Crockett v. Reagan, 558 F.Supp. 893 (D.D.C.1982). Judge Joyce Green held that the war powers issue presented a nonjusticiable political question. In particular, Judge Green found that the trial court did not have the resources or expertise to resolve the particular factual disputes involved in this case, id. at 898, 899, and that Congress had taken no action which would suggest that it viewed our involvement in El Salvador as subject to the WPR. Id. at 899. Judge Green's dismissal of the FAA claim was based on the equitable discretion doctrine, which counsels judicial restraint where a congressional plaintiff's dispute is primarily with his or her fellow legislators. Riegle v. Federal Open Market Committee, 656 F.2d 873, 881 (D.C.Cir.), cert. denied, 454 U.S. 1082, 102 S.Ct. 636, 70 L.Ed.2d 616 (1981).
 
 
 9
 We have reviewed with care the parties' contentions and submissions and we can find no error in the judgment of the District Court. We therefore affirm the dismissal of this case for the reasons stated by the District Court.
 
 
 10
 So ordered.
 
 BORK, Circuit Judge, concurring:
 
 11
 In my view, jurisdiction is absent in this case because plaintiffs lack standing. I continue to believe that an alleged diminution in congressional influence must amount to a disenfranchisement--a nullification or diminution of a congressman's vote--before a congressional plaintiff may claim the requisite injury-in-fact necessary to confer standing to sue. See Vander Jagt v. O'Neill, 699 F.2d 1166, 1180-81 & n. 1 (D.C.Cir.1982) (Bork, J., concurring), cert. denied, --- U.S. ----, 104 S.Ct. 91, 77 L.Ed.2d ---- (1983). See also Goldwater v. Carter, 617 F.2d 697, 702 (D.C.Cir.) (en banc), judgment vacated on other grounds, 444 U.S. 996, 100 S.Ct. 533, 62 L.Ed.2d 428 (1979). Congressional plaintiffs here have lost no part of their right to vote and thus have not suffered the "judicially cognizable injury," Metcalf v. National Petroleum Council, 553 F.2d 176, 187 (D.C.Cir.1977), necessary to give them standing.
 
 
 12
 I also adhere to my view that separation-of-powers considerations are properly addressed as part of the standing requirement. In Riegle v. Federal Open Market Committee, 656 F.2d 873, 879-80 (D.C.Cir.), cert. denied, 454 U.S. 1082, 102 S.Ct. 636, 70 L.Ed.2d 616 (1981), a panel of this court concluded that separation-of-powers concerns have no bearing on standing analysis. Instead, the Riegle court created a "doctrine of equitable discretion" within which those concerns would be addressed. 656 F.2d at 881. In Vander Jagt, the panel majority expanded the doctrine and assumed the virtually "unconfined judicial power to decide or not to decide" cases. 699 F.2d at 1185 (Bork, J., concurring). I do not consider myself bound by the panel decisions in Riegle and Vander Jagt. Prior to those cases, this circuit had worked out a "fairly definite formula to relate separation-of-powers concerns to the problem of legislator standing." Vander Jagt, 699 F.2d at 1180-81 (Bork, J., concurring). Riegle and Vander Jagt purported to change the law of legislator standing in this circuit without submitting the issue to the full court. Under the established practice of this court, that may not be done. See Irons v. Diamond, 670 F.2d 265, 268 n. 11 (D.C.Cir.1981).
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. Sec. 294(d) (Supp. V 1981)
 
 
 [1]
 50 U.S.C. Secs. 1541-1548 (1976). Section 4(a) of the WPR, 50 U.S.C. Sec. 1543(a) (1976) provides:
 In the absence of a declaration of war, in any case in which United States Armed Forces are introduced--
 (1) into hostilities or into situations where imminent involvement in hostilities is clearly indicated by the circumstances;
 (2) into the territory, airspace or waters of a foreign nation, while equipped for combat, except for deployments which relate solely to supply, replacement, repair, or training of such forces; or
 (3) in numbers which substantially enlarge United States Armed Forces equipped for combat already located in a foreign nation;
 the President shall submit within 48 hours to the Speaker of the House of Representatives and to the President pro tempore of the Senate a report, in writing, setting forth--
 (A) the circumstances necessitating the introduction of United States Armed Forces;
 (B) the constitutional and legislative authority under which such introduction took place; and
 (C) the estimated scope and duration of the hostilities or involvement.
 2 U.S. CONST. art. 1, Sec. 8, cl. 11.
 
 
 [3]
 22 U.S.C. Secs. 2151-2443 (1976 & Supp. V 1981). Section 502B of the FAA prohibits security assistance to "any country the government of which engages in a consistent pattern of gross violations of internationally recognized human rights," unless the President certifies that "extraordinary circumstances exist warranting provision of such assistance." 22 U.S.C. Sec. 2304(a)(2) (Supp. V 1981)