John CONYERS, et al., Plaintiffs,

v.

Ronald Wilson REAGAN, et al., Defendants.

Civ. A. No. 83–3430.

United States District Court, District of Columbia.

Jan. 20, 1984.

---

Margaret A. Burnham, Deborah A. Jackson, National Conference of Black Lawyers, Lennox S. Hinds, Barbara Dudley, Margo Feinberg, National Lawyers Guild, New York City, Mark Rosenbaum, William Genego, ACLU Foundation of Southern California, Los Angeles, Cal., Michael D. Ratner, Frank Deale, Center for Constitutional Rights, New York City, John Garland, Michael Lasley, Washington, D.C., for plaintiffs.

Thomas Millet, Kathleen Devine, U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This action is before the Court on plaintiffs' motion for preliminary injunction, defendants' opposition thereto, defendants' motion to dismiss, plaintiffs' opposition thereto, *amici curiae* brief in support of defendants' motion to dismiss, oral argument on the motions, and the entire record herein. At oral argument, the parties agreed to consolidate the hearing on the application for a preliminary injunction with a hearing on the merits, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court denies plaintiffs' motion for injunctive relief and grants defendants' motion to dismiss this action.

### I.

This case was brought by eleven members of Congress, John Conyers, William Clay, George W. Crockett, Jr., Ronald V. Dellums, Mervyn M. Dymally, Don Edwards, Walter Fauntroy, Parren J. Mitchell, Gus Savage, Louis Stokes, and Theodore S. Weiss, individually and in their capacity as members of the United States House of Representatives, against Ronald Wilson Reagan, individually and in his capacity as President of the United States, Casper W. Weinberger, individually and in his capacity as Secretary of Defense, George P. Shultz, individually and in his capacity as Secretary of State, and General John W. Vessey, Jr., individually and in his capacity as Chairman, Joint Chiefs of Staff. Plaintiffs challenge the constitutionality of the invasion of Grenada by claiming that defendants "unilaterally initiate[d] and prosecute[d] an armed invasion of American military forces against a foreign nation...." Plaintiffs' Motion for Preliminary Injunction at 1. Specifically, plaintiffs assert that by ordering an invasion of

the Island of Grenada on October 25, 1983, the President and other defendants violated the War Power's Clause of the Constitution. The clause states that: "Congress shall have the Power ... To declare War ...." U.S.Const. art. I, § 8, cl. 11. For relief, plaintiffs request that this Court invoke its equitable powers and grant plaintiffs a writ of mandamus and/or an injunction directing defendants to withdraw the remainder of U.S. Armed Forces personnel from Grenada and also grant plaintiffs a declaratory judgment holding the invasion of Grenada and the continuing occupation by U.S. Armed Forces to be illegal and in violation of the United States Constitution.

At the hearing, the parties primarily focused their attention on the question of whether the Court may proceed on the merits of this case. Principally, the arguments centered around the issues of justiciability, i.e., whether plaintiffs have standing to bring this matter before the Court, whether this action is moot, whether the political question doctrine prevents this Court from deciding this matter, and whether the Court should exercise judicial restraint under the doctrine of circumscribed equitable/remedial discretion.

## II.

■ After careful examination of all of the issues before it, the Court believes that it "would be unwise to intrude in [this] 'political' controvers[y]," *Vander Jagt v. O'Neill,* 699 F.2d 1166, 1174 (D.C.Cir.1982), *cert. denied,* —— U.S. ——, 104 S.Ct. 91, 78 L.Ed.2d 98 (1983), and proceed on the merits of this action.[1] Because of the doctrine of circumscribed equitable/remedial discretion,[2] the Court declines to exercise its jurisdiction in this case.

The doctrine of equitable discretion was first outlined in *Riegle v. Federal Open*

*Market Committee,* 656 F.2d 873 (D.C.Cir. 1981), *cert. denied,* 454 U.S. 1082 (1981). In that decision, Judge Robb, writing for the court, noted:

> Where a congressional plaintiff could obtain substantial relief from his fellow legislators through the enactment, repeal, or amendment of a statute, this court should exercise its equitable discretion to dismiss the legislator's action.... The standard would counsel the courts to refrain from hearing cases which represent the most obvious intrusion by the judiciary into the legislative arena: challenges concerning congressional action or inaction regarding legislation.

*Id.* at 881.

■ The doctrine is designed to prevent those plaintiff legislators, who have collegial or in-house remedies available to them, from asserting their constitutional or legislative claims in court. *See Crockett v. Reagan,* 720 F.2d 1355 (D.C.Cir.1983); *Vander Jagt v. O'Neill,* 699 F.2d at 1175; *United Presbyterian Church v. Reagan,* 557 F.Supp. 61, 64 (D.D.C.1982). It is also designed to prevent potential judicial interference with the legislative process. Certainly when plaintiff legislators can avail themselves of institutional remedies that are afforded to Congress, the Court, under its broad equitable powers, should decline to exercise its jurisdiction.

In *Riegle,* the Court outlined a standard to help courts determine whether a plaintiff legislator's suit should be dismissed under the equitable discretion doctrine. "Dismissal of congressional plaintiff actions [are warranted] only in cases in which (i) the plaintiff lacks standing under the traditional tests, or (ii) the plaintiff has standing but could get legislative redress and a similar action could be brought by a

---

1. Although the Court would address each and every argument if it were to decide this case on the merits, under the circumstances it is unnecessary for the Court to discuss each issue because the Court finds that plaintiffs are unable to overcome the doctrine of circumscribed equitable/remedial discretion.

2. The term equitable/remedial discretion is applied here because plaintiffs seek both injunctive and declaratory relief. The basis for the Court's ruling, however, does not change merely because plaintiffs seek both types of relief. *Vander Jagt v. O'Neill,* 699 F.2d at 1175.

 

private plaintiff." [3] *Riegle v. Federal Open Market Committee*, 656 F.2d at 882.

In this case, plaintiffs contend that the President and other named defendants violated the War Powers clause of the Constitution. They argue that by violating the Constitution, defendants have usurped the power of Congress which has the exclusive right under the Constitution to declare war. Plaintiffs further claim that there can be no adequate relief without the Court asserting jurisdiction over this matter. The Court disagrees. What is available to these plaintiffs are the institutional remedies afforded to Congress as a body; specifically, The War Powers Resolution, 50 U.S.C. §§ 1541 *et seq.*, appropriations legislation, independent legislation or even impeachment. If plaintiffs are successful in persuading their colleagues about the wrongfulness of the President's actions, they will be provided the remedy they presently seek from this Court. If plaintiffs are unsuccessful in their efforts, it would be unwise for this Court to scrutinize that determination and interfere with the operations of the Congress.

It must be noted that two of the plaintiff legislators attempted to initiate congressional action condemning the President's decision to invade Grenada. Those efforts were for naught as the House Committee on Foreign Affairs rejected both Congressmen Crockett's and Weiss' attempts to add amendments to a House Joint Resolution, H.J.Res. 402. *See Grenada War Powers: Full Compliance Reporting and Implementation, Markup of H.J.Res. 402 before House Comm. on Foreign Affairs*, 98th Cong., 1st Sess. (October 27, 1983). If the Court were to permit plaintiffs to come before it and litigate this matter, after plaintiffs were unsuccessful in their attempts to forward legislation that addressed their concerns, the Court would unnecessarily and unwisely interfere with the legislative process and raise significant separation of powers concerns. Because of

this, the Court must withhold jurisdiction of this matter and exercise judicial restraint.

In accordance with the above, the Court denies plaintiffs' motion for injunctive relief and grants defendants' motion to dismiss this action.

---

**3.** In a subsequent opinion the D.C. Circuit indicated that this test did not require rigid application. *Vander Jagt v. O'Neill*, 699 F.2d at 1175. In that decision, the court noted that although

the case before it did "not fit neatly into *Riegle's* analysis," the court would exercise its equitable discretion and decline to assert jurisdiction over the plaintiff legislator's claim. *Id.* at 1175 n. 24.